# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### November 12, 2014 Session

## BRIAN ROBERSON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Williamson County**
**No. I-1196-398-A     Timothy L. Easter, Judge**

---

### No. M2013-02319-CCA-R3-HC - Filed May 1, 2015

---

The Petitioner, Brian Roberson, appeals the Williamson County Circuit Court's denial of his petition for writ of habeas corpus. The Petitioner previously entered guilty pleas to two counts of sale of cocaine (counts 1 and 3) and possession of cocaine (count 5). On appeal, he argues that he is entitled to withdraw his guilty pleas because the illegal sentences in counts 1 and 3 were a material, bargained-for element of his plea agreement. Upon review, we affirm the judgment of the habeas corpus court. However, we remand this matter to the original court of conviction for entry of corrected judgments consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded for Entry of Corrected Judgments**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT H. MONTGOMERY, JR., JJ., joined.

M. Matthew Milligan, for the Petitioner, Brian Roberson.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Senior Counsel; Kim Helper, District Attorney General; and Sean B. Buddy, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

The record reflects that on April 8, 1996, the Petitioner, Brian Roberson, was indicted by a Williamson County Grand Jury for the sale and delivery of cocaine in case number I-496-117. Thereafter, the Petitioner was released on bond on May 16, 1996. While the case was pending, the Petitioner participated in four separate cocaine transactions on August 8, August 16, September 16, and October 8, 1996. As a result, a Williamson County Grand

Jury returned an eight-count indictment in case number I-1196-398-A charging the Petitioner with alternative counts of the sale and delivery of cocaine.

On April 10, 1997, a Williamson County jury found the Petitioner guilty as charged of selling cocaine in case number I-496-117. The trial court subsequently sentenced the Petitioner as a Range I, standard offender to a term of eight and one-half years in the Tennessee Department of Correction. Thereafter, on August 12, 1997, a jury convicted the Petitioner in case number I-1196-398-A on count 7 for the sale of cocaine. He was sentenced to nine years in confinement to be served consecutively to his prior sentence in case number I-496-117.

On January 14, 1998, the Petitioner entered guilty pleas in case number I-1196-398-A to count 1, sale of cocaine; count 3, sale of cocaine; and count 5, possession of cocaine. The trial court imposed eight-year sentences for counts 1 and 3, to be served concurrently to each other. For count 5, the Petitioner received a three-year sentence which was aligned consecutively to the sentences in counts 1 and 3. In addition, his eight-year sentences in counts 1 and 3 were to be served concurrently to "all other previously imposed sentences."

On April 3, 2006, the Petitioner filed a pro se petition for habeas corpus relief in the the Johnson County Criminal Court, alleging that he received illegal sentences for counts 1, 3, and 5 in case number I-1196-398-A because he committed these offenses while on bond in case number I-496-117 and therefore, the sentences in counts 1, 3, and 5 should have run consecutively to his sentence in case number I-496-117. The Johnson County Criminal Court dismissed the petition with a written order on May 9, 2006, and the Petitioner timely appealed to this court. See Brian Roberson v. Howard Carlton, Warden, No. E2006-01551-CCA-R3-HC, 2007 WL 2011030, at *1 (Tenn. Crim. App. July 12, 2007), perm. app. denied (Tenn. Nov. 19, 2007).

Citing Summers v. State, 212 S.W.3d 251 (Tenn. 2007) ("Summers I"), this court concluded that the Petitioner had attached sufficient documentation to warrant appointment of counsel and an evidentiary hearing regarding the legality of his sentences in counts 1 and 3. Brian Roberson, 2007 WL 2011030, at *2. Specifically, the majority reasoned that:

> the trial court's ordering the [P]etitioner to serve the sentences in counts 1 and 3 concurrently with all previous sentences would appear to contravene Tennessee Code Annotated section 40-20-111(b) and Tennessee Rule of Criminal Procedure 32(c)(3)(C), and the judgments of conviction in those cases would be void.

Id. However, the dissent would have limited the analysis to case number I-1196-398-A and would not have considered the judgment in case number I-496-117. Id. at *5 (Williams, J., dissenting). The dissent noted that the addition of the concurrent eight-year sentences in case number I-1196-398-A may not have had any practical effect on the aggregate sentence:

> [The Petitioner] was sentenced to nine years on judgment I-1196-398-A, count seven, to run consecutively to a "sentence now serving" and, if that sentence was the eight and one-half-year sentence in case number I-496-117, count one, the additional sentences of eight years in counts one and three do not increase the actual number of years this defendant is required to serve.

Id. Both the majority and the dissent agreed that the sentence in count 5 was legal. See id. at *2 (majority opinion); id. at *5 (Williams, J., dissenting).

Ultimately, this court reversed the judgment of the habeas corpus court and remanded the case with the following instructions:

> If the Johnson County Criminal Court concludes that habeas corpus relief i[s] warranted, that court must remand the case to the Williamson County Criminal Court to conduct a hearing in order to determine whether the [P]etitioner's plea agreement included the illegal sentences in counts 1 and 3 as a material element. If so, the entire guilty plea and the [P]etitioner's convictions for counts 1, 3, and 5 are invalid. See [Summers I, 212 S.W.3d] at 258 (stating that "[w]hen a plea agreement constitutes a package deal, an illegal sentence imposed on one of the plea offenses generally invalidates the entire plea agreement"). The [P]etitioner can then withdraw his guilty pleas and the underlying convictions will be vacated, or the parties can agree to legal sentences to replace the illegal sentences and a withdrawal of the guilty pleas will be unnecessary. See id. at 259. If, however, the trial court determines that the illegal sentences were not a bargained-for element of the plea agreement, then only the [P]etitioner's sentences are void and the underlying convictions remain intact. Id. (citing Smith v. Lewis, 202 S.W.3d 124 (Tenn. 2006)). In that situation, the illegal sentences will be vacated, and the Williamson County Criminal Court can resentence the [P]etitioner.

Id. at *4. Thereafter, the Johnson County Criminal Court entered a March 9, 2010 order granting the Petitioner habeas corpus relief and remanded the matter to the Williamson County Circuit Court for further proceedings. The Petitioner was appointed counsel and a June 24, 2013 evidentiary hearing was conducted on the limited issue of whether the

-3-

Petitioner's illegal sentences were material, bargained-for elements of his plea agreement.

Following the evidentiary hearing, the Williamson County Circuit Court entered a written order on September 16, 2013, denying the Petitioner habeas corpus relief. The habeas corpus court concluded, in pertinent part:

[I]n determining whether the illegal nature of counts 1 and 3 of case number I-1196-398-A was a material element of the plea agreement, the Court in the present case is limited to considering only the face of the record of the underlying proceedings, and not the testimony presented on June 24, 2013.

In viewing the record of the underlying proceedings, the sentences negotiated in counts 1 and 3 of case number I-1196-398-A are not a material element of the plea agreement. The material element of the plea agreement in that case was the addition of three (three) years to the seventeen and one half (17 ½) years the defendant was currently serving, for a total sentence of 20.5 years. In viewing the video regarding the entry of the plea agreement on January 14, 1998, the State announced the sentence. In count 1, the assistant district attorney stated the sentence as an eight (8) year sentence to run concurrently with time currently serving and concurrent with all other charges in this matter. The State then announce[d] the sentence as to count 3 as eight (8) years to run concurrently with time currently serving. The State then announced that count 5 was being amended to a class C felony and the sentence would be three (3) years to run consecutive to what the [P]etitioner was currently serving and the other charges.

Reviewing just the announcement of the agreement on its face, the sentence in count 5 was to run consecutively to the seventeen and one half (17 ½) years the defendant was already serving. Additionally, this interpretation of the agreement is further defined in the colloquy between the trial judge and the [P]etitioner's defense attorney, Trippe Fried. Following the announcement of sentence by Judge Donald P. Harris, counsel for the defendant/[P]etitioner requested clarification for the record as to what the total sentence [P]etitioner would be serving, based on the entirety of the plea agreements. The Petitioner's attorney then clarified the defendant would be serving "one 8.5 year sentence, one 9 year sentence and one 3 year sentence." Judge Harris then properly stated the sentence as 20.5 years which the [P]etitioner/defendant's attorney affirmed was correct.

Based on the announcement of the sentence and the above described clarification, the three (3) year sentence in count 5 was to explicitly run consecutive to the nine (9) year sentence as received in count 7 of case number I-1196-398-A, just as the nine (9) year sentence was to explicitly run consecutive to the eight and one half (8 ½) year sentence as received in count 1 of case number I-496-117. Therefore, this Court concludes the manner of service of these three sentences for a total sentence of twenty and one half (20 ½) years, was the material element of the plea agreement.

The Court agrees with the State that the significance of understanding this interpretation is to recognize the absence of any discussion regarding the sentences in counts 1 and 3, during the colloquy pertaining to the sentence sequence of eight and one half, nine, and three. Thus the absence of this discussion further supports that the manner of service of sentences in counts 1 and 3 were not a material element of the plea agreement.

It is from this order that the Petitioner timely appeals.

## ANALYSIS

On appeal, the Petitioner argues that he is entitled to withdraw his guilty plea because the void sentences in counts 1 and 3 were material elements of his plea agreement. The State responds that the habeas corpus court properly determined that the illegal sentences in counts 1 and 3 were not material elements of the plea agreement. Upon review, we agree with the State.

"The determination of whether habeas corpus relief should be granted is a question of law." Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Therefore, our review is de novo without a presumption of correctness. Summers I, 212 S.W.3d at 255 (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)).

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; see also T.C.A. §§ 29-21-101 to -130. The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn.

1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 337 (1868)). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992) (citing State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64). However, "a voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers I, 212 S.W.3d at 256 (citing Dykes, 978 S.W.2d at 529). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

As a general rule, when a plea agreement includes an illegal sentence, a petitioner is entitled to withdraw the guilty plea. Summers I, 212 S.W.3d at 258 (citing McLaney v. Bell, 59 S.W.3d 90, 94-95 (Tenn. 2001)). This rule, however, is not without exceptions. Summers I, 212 S.W.3d at 258. The Tennessee Supreme Court explained that the "determinative issue is whether the plea agreement included an illegal sentence as a material element. If so, the illegal sentence renders the guilty plea, including the conviction, invalid." Id. at 259. However, "[i]f the record establishes that the illegal sentence was not a bargained-for element of the plea agreement . . . the sentence is void, but the conviction remains intact, and the only remedy is correction of the sentence." Summers v. Fortner, 267 S.W.3d 1, 6-7 (Tenn. Crim. App. 2008) ("Summers II"). In Summers II, this court stated as guidance that "materiality exists when 'there is a reasonable probability' of a change in the outcome of the proceedings." Id. at 8 (citing Brady v. Maryland, 373 U.S. 83 (1963); United States v. Bagley, 473 U.S. 667, 682 (1985)). The court cautioned, however, that proof of materiality is "strictly limited to the face of the judgment and the record of the underlying proceedings." Summers II, 267 S.W.3d at 7. The court further noted that "the presence of a relatively de minimis, or non-material, void component in the plea agreement may not justify availing the petitioner an opportunity to withdraw his plea agreement." Id.

The Petitioner argues that the illegal sentences in counts 1 and 3 invalidate the entire plea agreement in case number I-1196-398-A. He asserts that the concurrent alignment of his eight-year sentences was material because he could have received a cumulative sentence of thirty-six and one-half years if all of his sentences were aligned consecutively to one another. Because his total effective sentence of twenty and one-half years was sixteen years less than what it could have been, the Petitioner contends that it is evident that he "chose a plea agreement with concurrent sentencing in order to avoid a longer sentence." The State argues that the purpose of the plea agreement was to obtain a total effective sentence of twenty and one-half years, and the alignment of the two eight-year sentences was not

instrumental in reaching that number. Specifically, the State asserts that the Petitioner's aggregate sentence would have been the same length whether the eight-year sentences in counts 1 and 3 were illegally concurrent with the eight and one-half year sentence in case number I-496-117 or legally concurrent to the nine-year-sentence for count 7 in case number I-1196-398-A. Based on our review of the judgments and the record of the underlying proceedings, we conclude that the habeas corpus court properly determined that the sentences in counts 1 and 3 were not material elements of the plea agreement.

At the time that the Petitioner entered guilty pleas to counts 1, 3, and 5 in case number I-1196-398-A, he had already received jury convictions and sentences for count 1 in case number I-496-117 and for count 7 in case number I-1196-398-A. For count 1 in case number I-496-117, the Petitioner received a sentence of eight and one-half years. He subsequently received a nine-year sentence for count 7 in case number I-1196-398-A, which was ordered to be served consecutively to his prior sentence. This cumulative sentence of seventeen and one-half years complied with Tennessee Code Annotated section 40-20-111(b) and Tennessee Rule of Criminal Procedure 32(c)(3)(C) which mandate consecutive sentencing when a defendant commits a felony offense while released on bail for another offense.

The Petitioner's eight-count indictment in case number I-1196-398-A included alternative counts for four separate transactions involving cocaine. After a jury convicted him on count 7 and he was sentenced, the Petitioner entered guilty pleas to counts 1, 3, and 5 on January 14, 1998. The recording of the plea submission reflects that the prosecutor requested that the Petitioner receive an eight-year sentence in count 1 "to run concurrent with the time he is currently serving and concurrent with all other charges in this matter." The prosecutor also requested a concurrent eight-year sentence in count 3. Count 5 was amended to possession of cocaine, a Class C felony, and the prosecutor requested a three-year sentence "to run consecutive to what he is currently serving and the other charges." The remaining counts were dismissed by motion of the State.

After the trial court accepted the Petitioner's pleas, defense counsel sought clarification from the trial court that the Petitioner had an eight and one-half year sentence, a nine-year sentence, and a three-year sentence. Defense counsel then noted for the record that the Petitioner was receiving three years in addition to his existing two sentences for a total sentence of twenty and one-half years. There was no discussion regarding the alignment of the two eight-year sentences in counts 1 and 3.

The face of the judgment in count 1 reflects that the Petitioner pled guilty to sale of cocaine and was sentenced to eight years to be served concurrently with count 3 and all other previously imposed sentences. The judgment in count 3 reflects that the Petitioner received an eight-year sentence to be served concurrently with count 1 and all other previously

imposed sentences. The face of the judgment in count 5 reflects that the Petitioner pled guilty to possession of cocaine and received a three-year sentence to run consecutively to counts 1 and 3.

The habeas corpus court concluded, and we agree, that the material element of the Petitioner's guilty plea was the total effective sentence of twenty and one-half years. The record does not include the three negotiated plea agreements or any other document that proves that the concurrent eight-year sentences in counts 1 and 3 were material to the plea. Moreover, there is no evidence in the record of the underlying proceedings that the Petitioner pled guilty to counts 1 and 3 to avoid a total sentence of thirty-six and one-half years. It should be noted that although the sentences in counts 1 and 3 may not run concurrently to the eight and one-half year sentence in case number I-496-117, they may run concurrently to the nine-year sentence in count 7 without contravening Tennessee Code Annotated section 40-20-111(b) and Tennessee Rule of Criminal Procedure 32(c)(3)(C). In other words, consecutive sentencing was not mandatory for the sentences in counts 1 and 3 in relation to the sentence in count 7. Here, the manner of service of the sentences in counts 1 and 3 had no effect on the negotiated total sentence of twenty and one-half years. Therefore, any void component in the plea agreement was relatively de minimis. See Summers II, 267 S.W.3d at 7. The Petitioner has failed to establish a "reasonable probability" that the proceedings would have been different if the sentences in counts 1 and 3 had been legal. See id.

Based on the above reasoning, we conclude that the habeas corpus court properly determined that the sentences in counts 1 and 3 were not material to the plea agreement. We remand this matter to the court of conviction for entry of corrected judgments to reflect the following. In case number I-1196-398-A, counts 1, 3, and 7 should run concurrently with each other and consecutively to count 7 in case number I-496-117. Count 5 of case number I-1196-398-A should run consecutively to counts 1,3, & 7 of the same case as well as count 7 of case number I-496-117, for a total effective sentence of 20.5 years. See Smith v. Lewis, 202 S.W.3d 124, 130 (Tenn. 2006) (remanding to the "original court of conviction for entry of a corrected judgment"); McLaney, 59 S.W.3d at 95-96, rev'd on other grounds by Summers I, 212 S.W.3d at 262 (directing the habeas corpus court to "promptly transfer" the case to the convicting court upon a finding that the judgment is void).

## CONCLUSION

Upon review, we affirm the judgment of the habeas corpus court. However, we remand to the court of conviction for entry of corrected judgments consistent with this opinion.

_____
CAMILLE R. McMULLEN, JUDGE